**IN THE COURT OF APPEALS OF IOWA**

No. 23-1195
Filed October 11, 2023

**IN THE INTEREST OF R.M., J.M., and M.M.,**
**Minor Children,**

**C.M., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Erica Crisp, District

Associate Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**


        Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant

father.

        Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney

General, for appellee State.

        Donna M. Schauer, Adel, attorney and guardian ad litem for minor children.


        Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights. Clear and convincing evidence supports a statutory ground for termination, termination is in the best interests of the children, and an extension of time for reunification is unwarranted. Further, the father waived any claim that a permissive exception should be applied to preclude termination. Accordingly, we affirm.

## I. Background Facts and Prior Proceedings

The children at interest in this appeal, three young brothers, include R.M. born in 2020, J.M. born in 2021, and M.M. born in 2022. The family came to the attention of the Iowa Department of Health and Human Services (HHS) in early 2022 when both their mother and the father were charged with domestic abuse for conduct that occurred in the presence of R.M. and J.M. The mother was pregnant with M.M. On April 22, the court entered an exparte removal order for R.M. and J.M., and both children were placed in the custody of HHS. R.M.'s hair stat test was positive for methamphetamine; J.M. did not have enough hair to test. On June 1, R.M. and J.M. were adjudicated children in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2022), upon a finding that the court's aid was required.

M.M. was born in October. M.M. tested positive for both methamphetamine and amphetamine. M.M. was removed from parental custody less than a week after his birth. M.M. was adjudicated a CINA on December 14, pursuant to Iowa Code section 232.96A(3)(b), (14), (15), and (16), upon a finding that the court's aid was required.

As part of the disposition and dispositional review orders, the following was required of the father: a substance-abuse evaluation and compliance with recommendations of the provider, a mental-health evaluation and compliance with recommendations of the provider, and that he address the domestic violence and comply with drug testing.

A permanency hearing for R.M. and J.M. and a disposition hearing for M.M. were held on January 25, 2023.  The court noted that the father had made only inconsistent progress, highlighting his refusal to drug test.  The court noted the father was living in his vehicle.  The State petitioned for termination of parental rights as to R.M. and J.M. on January 31.

On May 10, a permanency hearing for M.M and a permanency review hearing for R.M. and J.M were held.  All three children were confirmed to be CINA. The father had new criminal charges pending, was argumentative with HHS workers, and had not been addressing his substance-abuse issues.  On May 18, a petition for termination of parental rights as to M.M. was filed.

Throughout the underlying CINA proceedings, the father was in and out of treatment centers, and he continued to struggle with substance abuse at the time of the termination hearing.  While he was in treatment, he regularly visited the children, but in the few months before the termination hearing, the father's visits became sporadic and ended altogether in January 2023.[1]

The older two children were in seven different foster homes following removal, either because of the father's intimidation of the foster parents or R.M.'s

---

[1] The father was in jail from March 2023 to June 26, 2023.  He was released one day before the termination hearing.

behaviors. R.M. suffered from night terrors and had melt-downs that lasted up to four hours. These behaviors were a reaction to previous trauma. R.M. was reported to be in a constant state of "fight or flight." By the termination hearing, R.M. was in a separate foster home from J.M. and M.M., who were placed together. This separate placement allows R.M. to receive the individualized attention he needs. The placements have made efforts to keep the three boys connected. J.M. and M.M. are reported to have a strong sibling bond.

Following a June 2023 hearing on the State's termination petition, the court terminated the father's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2023). The father now appeals.[2]

## II. Standard of Review

Our review of termination proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The State must show clear and convincing evidence for termination. *Id.* Clear and convincing evidence is evidence with no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.* (citation omitted).

In reviewing a termination of parental rights, we conduct a three-step analysis. First, we look to find statutory grounds for termination under section 232.116(1). *Id.* at 706–07. Second, we consider the best interests of the

---

[2] The mother consented to the termination of her parental rights as to all three children. She is not a party to this appeal.

child, as laid out under section 232.116(2). *Id.* Third, we consider any exceptions to termination under section 232.116(3). *Id.* at 707.

**III. Discussion**

The father presents several arguments to contest the termination of his parental rights. He argues the court erred in terminating his rights under Iowa Code section 232.116(1)(e), (h), and (*l*). He also argues termination was not in the best interests of the children, he should have been granted an extension of time for reunification efforts, and Iowa Code section 232.116(3) should be employed to preclude termination.

A. Grounds for Termination

Because we determine termination was warranted under Iowa Code section 232.116(1)(h), we limit our discussion to this ground. Under section 232.116(1)(h), a court may order termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months . . . .
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father concedes that the first three elements are met, but he argues that the State failed to show element four by clear and convincing evidence. The meaning of "at the present time" has been clarified to mean that "termination may be ordered when . . . a child . . . cannot be returned to the parents' custody at the time of the termination hearing." *D.W.*, 791 N.W.2d at 707; *In re Z.P.*, 948 N.W.2d

518, 524 (Iowa 2020) ("[T]he record shows a number of reasons why [the father] was not prepared to assume a parenting role at the time of trial.").

The father argues "he was in a position to be able to parent the children and would be a safe and appropriate parent as soon as he was able to successfully complete an inpatient treatment program."

But "as soon as he completes treatment" does not equate to "at the present time." The father testified that he would need more time, acknowledging the children could not be placed with him at the treatment program. And this particular program would take at least eight months and could take as long as a year.[3]

Beyond that, the father has also failed to demonstrate the progress necessary to have the children returned to his custody at the time of the termination hearing. Although the father initially participated in visits with his children, those visits became more and more infrequent, and eventually stopped altogether. Before the June 2023 hearing, the father had not visited his children since the end of January 2023. He continued to engage in criminal activity and oscillated between jail and homelessness in the time before the termination hearing. He made two attempts to get treatment for substance abuse, but could not maintain sobriety. He has not resolved the domestic violence that occurred between him and the children's mother and failed to appreciate the seriousness of the abuse. We conclude the children could not be returned to the father's custody at the time of the termination hearing. Accordingly, we find a statutory ground satisfied under Iowa Code section 262.116(1)(h).

---

[3] The father had completed this same treatment program previously.

B. Best Interests of the Children

When determining whether to terminate parental rights, the court must determine whether termination is in the best interests of the child. *See* Iowa Code § 232.116(2). This means the court "give[s] primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.*

The father claims termination is not in the best interests of the children because there were other options available to the court besides termination that would be "more in line with the best interests of the child[ren] than terminating parental rights." He argues that it would be in the children's best interest "to allow the father an opportunity to be the father that he wanted to be."

We determine that termination is in the children's best interests. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

The father insists that his children should be made to wait before permanency. But at this point the statutory timeframes for children of these tender ages has run, and the children are well-settled into their placements. All three children are attached to their caretakers. The father has failed to address his substance abuse, failed to address his domestic-violence issues, and failed to cease criminal activity. The children should not be in limbo because their father has been unable to demonstrate sustainable progress over the past year.

C. Extension of Time

As part of his best interest argument, the father mentions in passing that he "at a minimum" should have been given a six-month extension for additional reunification efforts. We note that Iowa Code sections 232.117(5) and 232.104(2)(b) allow the court to grant an extension of time if parental rights are not terminated following the termination hearing. But to continue placement for six more months, the juvenile court must determine that "the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). "The [court] considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted). We cannot determine on this record that the need for the removal of these three young boys will no longer exist at the end of a six-month period. We reject the father's request for an extension of time.

D. Permissive Exceptions

The father also strings together a list of the permissive exceptions to termination, but he neither makes an argument nor cites to the record concerning any of the permissive exceptions contained in Iowa Code section 232.116(3). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination," *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018), and we cannot consider or address arguments he does not make. By failing to identify which exception he believes applies, the father has waived argument on any of the permissive exceptions.

**AFFIRMED.**